KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
James J. Stricker (JS 5337)
Olga Fuentes Skinner (OF 6956)
1633 Broadway
New York, New York 10019-6799
Tel.: (212) 506-1700
Fax: (212) 506-1800
Attorneys for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BENNETT GOLDBERG,                                :
                                                 :   07 Civ. 7841(RJH)
                    Plaintiff,                   :
                                                 :
v.                                               :
                                                 :
LEVEL 3 COMMUNICATIONS, LLC,                     :
                                                 :
                    Defendant.                   :
-------------------------------------------------------------------x

**MEMORANDUM OF LAW BY DEFENDANT LEVEL 3 COMMUNICATIONS,
LLC IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

FACTS ......................................................................................................................................... 1

ARGUMENT
    Goldberg Should Be Compelled To Arbitrate His Claims
    Pursuant to The Arbitration Clauses in the Agreements...................................................... 3

    A.    The Agreements Contain Valid Arbitration Clauses .............................................. 4

    B.    Goldberg's Claims Are Subject To
            The Parties' Agreement To Arbitrate ................................................................... 7

CONCLUSION............................................................................................................................ 8

TABLE OF AUTHORITIES

**Cases**

*Arakawa v. Japan Network Group*, 56 F.Supp. 2d 349 (S.D.N.Y. 1999) .................................. 5

*Bailey v. Ameriquest Mortgage*, 346 F.3d 821 (8th Cir. 2003) ...................................... 6

*Bar-Ayal v. Time Warner Cable, Inc.*, No. 03 CV 9905 (KMW),
    2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006) ............................................................ 6

*Carbajal v. H&R Block Tax Svcs.*, 373 F.3d 903 (7th Cir. 2004) .................................... 5

*Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294 (5th Cir. 2004) ........................ 6

*Ciago v. Ameriquest Mortgage Co.*, 295 F.Supp. 2d 324 (S.D.N.Y. 2003) ..................... 3, 6

*Collins & Aikman Prods. Co.*, 58 F.3d 16 (2d. Cir. 1995) ........................................... 7, 8

*Dewey v. Wegner*, 138 S.W.3d 591 (Tex. 2004) ................................................. 5, 6, 7, 8

*Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003) ................................................ 3

*Greenwald v. Weisbaum*, 6 Misc. 3d 281 (N.Y.Sup. Ct., N.Y. County, 2004) ............... 6, 7

*Hartford Accident & Indem. Co.*, 246 F.3d 219 (2d Cir. 2001) ..................................... 7

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) ..................................... 3, 6

*In re AdvancePCS Health L.P.*, 172 S.W.3d 603 (Tex. 2005) ........................................ 7

*In re Apollo Air Passenger Computer Reservation System*, 720 F. Supp. 1061
    (S.D.N.Y. 1989) ...................................................................................................... 6

*In re Bank One*, 216 S.W.3d 825 (Tex. 2007) ............................................................... 8

*In re FirstMerit Bank*, 52 S.W.3d 749 (Tex. 2001) ................................................... 5, 8

*In re Haliburton Co.*, 80 S.W.3d 566 (Tex. 2002) ......................................................... 7

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*,
    252 F.3d 218 (2d Cir. 2001) ................................................................................. 7, 9

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1 (1983) ................................................................................................. 4, 8

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Belco Petroleum Corp.*,
    88 F.3d 129 (2d Cir. 1996) ....................................................................................... 3

*Prime Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) ........................... 6

*Stamm v. Barclays Bank of New York*, 960 F.Supp. 724 (S.D.N.Y. 1997) .................................... 6

*Threlkeld v. Metallgesellschaft Ltd.*, 923 F.2d 245 (2d Cir. 1991) .................................................. 7

*Will-Drill Resources, Inc. v. Samson Resources*, 352 F.3d 211 (5th Cir. 2003) ............................ 6

**Statutes**
FEDERAL ARBITRATION ACT ("FAA"), 9 U.S.C.A. § 4 .................................................................... 4

Defendant Level 3 Communications, LLC, successor in interest to Broadwing Telecommunications Inc. ("Level 3"), by and through its undersigned counsel, respectfully submits this memorandum of law, and the accompanying affidavit of James J. Stricker ("Stricker Aff.") with attached exhibits, in support of its motion to compel arbitration.

## PRELIMINARY STATEMENT

This action arises from a contractual dispute between Level 3, a provider of telecommunications services, and a broker of those services, Plaintiff Bennett Goldberg ("Goldberg"). The parties agreed in two separate agreements that

> Any controversy or claim arising out of or relating to this Agreement, or a breach of this Agreement, shall be finally settled by binding arbitration in Austin, Texas and shall be resolved under the laws of the State of Texas.

Ignoring his contractual agreement to arbitrate, Goldberg has commenced this suit. As shown below, Goldberg must be held to his contractual obligations, Level 3 must receive the benefit of its bargain, and Goldberg must be compelled to arbitrate any of the disputes raised in his complaint as per the parties' agreement.

## FACTS

On or about August 9, 2007, Level 3 was served with the summons and amended complaint ("Complaint" or "Cmplt."), which was filed in New York Supreme Court, New York County.[1] On September 5, 2007, Level 3 removed the action to this Court.

The Complaint alleges that Level 3 breached two agreements between the parties: (a) the "Agent Services Agreement" entered into as of July 23, 2001 (the "2001 Agreement") (Stricker Aff., Exh. 1 (Cmplt.) at Exh. A); and (b) the "Non-Exclusive High Volume Independent Business Partner Marketing Agreement" entered into as of April 1, 2005 (the "2005 Agreement")

---

[1] A copy of the Complaint is attached as Exhibit 1 to the Stricker Affidavit.

(*id.* at Exhibit B) (collectively, "the Agreements"). Goldberg alleges that Level 3 "consistently and repeatedly failed to perform its obligations under its contract with Goldberg," supposedly resulting in Goldberg losing customers and causing "[h]is reputation and sales and monthly commission percentage [to] suffer[]." (Cmplt. at ¶ 3.) Goldberg asserts causes of action "for breach of contract, reformation of contract, promissory estoppel, breach of express warranty, fraud in the inducement and violation of New York General Business Law Section 349 (Consumer Protection from Deceptive Acts and Practices)." (*Id.*)

Pursuant to the 2001 Agreement, in Section XIII, titled "BINDING ARBITRATION," the parties agreed that:

> Any controversy or claim arising out of or relating to this Agreement, or a breach of this Agreement, shall be finally settled by binding arbitration in Austin, Texas and shall be resolved under the laws of the State of Texas, without regard to its choice of law principles. The arbitration shall be conducted before a single arbitrator in accordance with the commercial rules and practices of the American Arbitration Association.

(Cmplt., Exh. A at 6.)

Similarly, in the 2005 Agreement, the parties agreed in Section XII, titled "**BINDING ARBITRATION**":

> Any controversy or claim arising out of or relating to this Agreement, or a breach of this Agreement, shall be finally settled by binding arbitration in Austin, Texas and shall be resolved under the laws of the State of Texas. The arbitration shall be conducted before a single arbitrator in accordance with the commercial rules and practices of the American Arbitration Association then in effect.

(*Id.* at Exh. B)(emphasis in original).

In his Complaint, Goldberg admits that "[u]nder the terms of the 2001 Agreement the parties were obligated to settle any dispute via arbitration in Texas, under the laws of Texas" (Cmplt. ¶ 14), and that "[a]s in the case of the 2001 Agreement, the 2005 Agreement contains . . .

2

3

an arbitration clause . . ." (*id.* ¶ 25). Nevertheless, Goldberg seeks to reform the 2001 and 2005 Agreements to, among other things, "render unenforceable the clauses that compel arbitration in Texas . . ." (*Id.* ¶ 34.)

On September 11, 2007, Level 3 requested a pre-motion conference pursuant to the Court's Local Rules. On January 4, 2008, the Court held a conference, and the parties thereafter established a briefing schedule, which the Court "So Ordered" on January 22, 2008.[2]

## ARGUMENT

### GOLDBERG SHOULD BE COMPELLED TO ARBITRATE HIS CLAIMS <u>PURSUANT TO THE ARBITRATION CLAUSES IN THE AGREEMENTS</u>

When ruling on a motion to compel arbitration, the Court is limited to considering only certain "gateway matters," *i.e.*: (a) whether the parties have a valid arbitration agreement; and (b) whether a concededly binding arbitration clause applies to a certain type of controversy. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) ("gateway questions" are "questions of arbitrability that are limited in scope"); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996). "Once the Court determines that the parties have agreed to arbitrate, the validity and meaning of specific provisions within the Agreement to arbitrate is a matter for the arbitrator to decide." *Ciago v. Ameriquest Mortgage Co.*, 295 F.Supp. 2d 324, 330 (S.D.N.Y. 2003) *citing Howsam*, 573 U.S. at 84. There is a strong presumption in favor of arbitration of claims and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction*

---

[2] Pursuant to the Scheduling Order, Level 3 retains all of its rights to move to dismiss some or all of plaintiff's claims at a later date.

*Corp.*, 460 U.S. 1, 24-25 (1983).[3] The 2001 and 2005 Agreements both contain a valid arbitration clause that applies to each of Goldberg's claims.

### A. The Agreements Contain Valid Arbitration Clauses

There is no question that Goldberg entered into an agreement to arbitrate as set forth in the 2001 and 2005 Agreements. Indeed, Goldberg admits in his Complaint that "[u]nder the terms of the 2001 Agreement the parties were obligated to settle any dispute via arbitration in Texas, under the laws of Texas" (Cmplt. ¶ 14), and that "[a]s in the case of the 2001 Agreement, the 2005 Agreement contains . . . an arbitration clause . . . " (*id.* ¶ 25.) Thus, the existence of an agreement to arbitrate between the parties is not in dispute.

Goldberg seeks to avoid his express agreement to arbitrate by asking the Court to reform the parties' 2001 and 2005 Agreements to nullify these binding arbitration provisions, alleging that the Agreements are somehow unconscionable. (Compl. at ¶¶ 32-33, 36-37.). However, Goldberg does not offer any legally cognizable grounds to void the parties' unequivocal agreements to arbitrate. Rather, Goldberg's allegations of unconscionability are merely an attempt to circumvent his obligation to arbitrate his claims against Level 3 under the terms of the Agreements. As the Seventh Circuit Court of Appeals noted:

> The cry of "unconscionable!" just repackages the tired assertion
> that arbitration should be disparaged as second-class adjudication.
> It is precisely to still such cries that the Federal Arbitration Act
> equates arbitration with other contractual terms.

---

[3]  *See generally* FEDERAL ARBITRATION ACT ("FAA"), 9 U.S.C.A. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court ---[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement").

*Carbajal v. H&R Block Tax Svcs.*, 373 F.3d 903, 906 (7th Cir. 2004). As shown below, the Court should enforce the arbitration agreements entered into by the parties by granting Level 3's motion to compel arbitration.

Preliminarily, Goldberg has the burden of proving unconscionability. *In re FirstMerit Bank*, 52 S.W.3d 749, 756 (Tex. 2001) (Because Texas law "favors arbitration, the burden of proving a defense to arbitration is on the party opposing arbitration.").[4] While Goldberg alleges that the Agreements are somehow "unconscionable," he does not allege any facts concerning the supposed unconsionability of the arbitration clauses themselves. Accordingly, the issue of whether the Agreements are unconscionable (they are not) is for the arbitrator to determine. *Bar-Ayal v. Time Warner Cable, Inc.*, No. 03 CV 9905 (KMW), 2006 WL 2990032, *6 (S.D.N.Y. Oct. 16, 2006) ("where a party challenges *the validity of a contract* (that includes an arbitration provision) *as a whole* rather than the validity of the arbitration provision itself . . . the arbitrator must decide that issue")(emphasis in original);[5] *FirstMerit*, 525 S.W.3d at 756 (Allegations that arbitration agreement is unconscionable "must specifically relate to the [arbitration] clause itself, not the contract as a whole, if they are to defeat arbitration."); *Dewey v. Wegner*, 138 S.W.3d 591, 602 (Tex. 2004) ("The Texas Supreme Court [has held] that the validity of an entire contract must be submitted to arbitration as long as the arbitration provision is valid").

---

[4] A determination of whether a party has agreed to arbitrate is to be made in accordance with state contract law. *Arakawa v. Japan Network Group*, 56 F.Supp. 2d 349, 352 (S.D.N.Y. 1999). While Goldberg has asserted a claim under New York General Business Law, he has submitted correspondence to the Court asking the Court to apply Texas law to the motion to compel arbitration. (Stricker Aff., Exh. 2 (Letter dated December 24, 2007, from Adam Cohn to the Court).) The arbitration clauses require "any controversy of claim arising out of or relating to this Agreement shall be finally settled by binding Arbitration in Austin, Texas and shall be resolved under the laws of the State of Texas." (Stricker Aff., Ex. 1 at Exhs. A and B.) However, there is no conflict between New York and Texas law on this issue, and under both states' laws, the arbitration clauses are valid an enforceable.

[5] Unreported cases are attached in alphabetical order as Exhibit 3 to the Stricker Affidavit.

In any event, allegations such as those made by Goldberg that the Agreements were offered on a "take-it-or-leave-it" basis are wholly insufficient to defeat arbitration. *See, e.g., Stamm v. Barclays Bank of New York*, 960 F.Supp. 724, 733 (S.D.N.Y. 1997); *In re Apollo Air Passenger Computer Reservation System*, 720 F.Supp. 1061, 1065 (S.D.N.Y. 1989) (rejecting defense of unconscionability to breach of contract action and holding that "[a]lthough [one party to the contract] may have presented the contract on a take it or leave it basis, that alone does not render the contract unconscionable"); *Greenwald v. Weisbaum*, 6 Misc. 3d 281, 284 n. 4 (N.Y.Sup. Ct., N.Y. Cty. 2004) (rejecting partner's argument that partnership agreement was unconscionable where he was not given the opportunity to reject the terms of arbitration because the partnership agreement "even if given on a 'take it or leave it' basis, can be rejected, and therefore is not unconscionable"); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 301 (5th Cir. 2004) (holding alleged "superior bargaining position" and "take it or leave it" tactics of employer insufficient to render employment contract unconscionable); *In re Haliburton Co.*, 80 S.W.3d 566, 569 (Tex. 2002) (arbitration clause is not unconscionable merely because it was made on a "take it or leave it" basis); *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex. 2005) (same); *see also Bailey v. Ameriquest Mortgage*, 346 F.3d 821, 823 (8th Cir. 2003) (same).

Similarly, Goldberg's claim that the arbitration clause should not be enforced because the Agreements supposedly leave him without a remedy is equally baseless and is not a valid defense to arbitration. "Once the Court determines that the parties have agreed to arbitrate, the validity and meaning of specific provisions within the Agreement to arbitrate is a matter for the arbitrator to decide." *Ciago*, 295 F.Supp. 2d at 330 *citing Howsam*, 573 U.S. at 84; *Dewey*, 138 S.W.3d at 599 *quoting Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 218-19 (5th Cir. 2003) ("That one of the parties later disputes the enforceability of [an] agreement

6

does not change the fact that at some point in time, the parties reached an agreement, and that agreement included a decision to arbitrate disputes arising out of the agreement"). Indeed, regardless of the forum for the adjudication of his claims, Goldberg's remedies are the same under the contracts.

### B. Goldberg's Claims Are Subject To The Parties' Agreement To Arbitrate

It is well-settled that federal law and policy generally favor arbitration and that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 223 (2d Cir. 2001), *quoting Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. In determining the scope of an arbitration agreement, federal law "requires [courts] to construe arbitration clauses as broadly as possible." *Collins & Aikman Prods. Co.*, 58 F.3d 16, 19-20 (2d Cir. 1995) ("We will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute") *quoting Threlkeld v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991); *Hartford Accident & Indem. Co.*, 246 F.3d 219, 226 (2d Cir. 2001) (If "the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability"); *In re Bank One*, 216 S.W.3d 825, 826 (Tex. 2007) ("We resolve doubts as to scope [of arbitration agreements] in favor of finding coverage.").

Goldberg has not even attempted to offer any argument that his claims are not within the scope of the arbitration provisions in the Agreements. Indeed, given that the arbitration provisions are indisputably "broad" -- covering "[a]ny controversy or claim arising out of or relating to this Agreement, or a breach of this Agreement" -- no such argument could be made. *Collins & Aikman Prods. Co.*, 58 F.3d at 20 (if the arbitration provision is broad, "there is a presumption that the claims at issue are arbitrable") (internal quotation and citation omitted);

*Louis Dreyfus,* 252 F.3d at 224, 228 ("Where the arbitration clause is broad, 'there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it.'") *quoting Collins & Aikman Prod. Co.,* 58 F.3d at 23; *FirstMerit Bank,* 52 S.W.2d at 755; *Bank One,* 216 S.W.3d at 827; *Dewey,* 138 S.W.3d at 602.

## CONCLUSION

For the foregoing reasons, Level 3 respectfully requests that the Court grant its motion to compel arbitration, and such other and further relief as the Court deems just and proper.

Dated: February 15, 2008

>                             Respectfully submitted,
>
>                             By: _____
>                             James J. Stricker (JS 5337)
>                             Olga L. Fuentes Skinner (OF 6956)
>                             Kasowitz, Benson, Torres
>                               & Friedman LLP
>                             1633 Broadway
>                             New York, New York  10019-6799
>                             Tel.: (212) 506-1700
>                             Fax: (212) 506-1800
>
>                             *Attorneys for Defendant*
>                             *Level 3 Communications, LLC*