Adam Cohn (AC 0056)
Bowles and Cohn LLP
One Liberty Plaza, 35th Floor
New York, New York 10006
(646) 257-5001
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

BENNETT GOLDBERG,

Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC

Defendant

:
:
:
:
:
:
:
:
:
:
:
:

07 CIVIL 7841 (S.D.N.Y.) (RJH)

---

**MEMORANDUM OF LAW BY PLAINTIFF BENNETT GOLDBERG IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

## TABLE OF CONTENTS

I. SUMMARY ........................................................................................................................1

II. STATEMENT OF RELEVANT FACTS ......................................................................1

    a. Contractual History Between The Parties ..............................................................1

    b. Procedural History ..................................................................................................2

III. ARGUMENT .....................................................................................................................3

    a. Defendant's Motion to Compel Arbitration Should Be Denied ............................3

        1. The Court Must Apply State Law To Determine The Validity of An Arbitration Clause ...............................................................................................3

        2. Texas Law Applies ..............................................................................................3

        3. Under Texas Law The Court Must Determine The Validity of An Arbitration Clause ...............................................................................................3

        4. Under Texas Law An Arbitration Clause Must Not Be Enforced If Unconscionable ...................................................................................................4

        5. Texas Law Standards for Determining Unconscionability ............................4

        6. Plaintiff Has Pled Facts Which Support a Finding Of Unconscionability .....5

        7. The Court Cannot Determine On These Pleadings If Arbitration Clause Is Unconscionable And Therefore Plaintiff Requires Discovery ........................7

        8. If The Court Does Compel Arbitration, Then It Should Be In New York ....8

IV. CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**
*Adams v. Suozzi*, 433 F. 3d 220 (2d Cir. 2005)..................................................................3
*Alliance Bernstein Inv. Research Mgmt., v. Schaffran*, 445 F.3d 121 (2d Cir. 2006)........3
*Bar-Ayal v. Time Warner Cable, Inc.*, 2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006)......3, 4
*Dillee v. Sisters of Charity*, 912 S.W. 2d 307 (Tex. App. 1995) ......................................5
*Emerald Texas Inc., v. Peel*, 920 S.W. 2d 398 (Tex. App. 1996).....................................5
*Haynsworth v. Lloyd's of London*, 933 F. Supp. 1326 (S.D. Tex. 1996)........................3, 4
*In re First Merit Bank, NA* 52 S.W. 3d 749 (Tex. 2001)...................................................4
*In re Haliburton Co.*, 80 S.W. 3d 566 (Tex. 2002), *cert denied*, 537 U.S. 1112 (2003) .....5
*In re Jebbia*, 26 S.W. 3d 753 (Tex. App. 2000)................................................................7
*In re Oakwood Mobile Homes, Inc.* 987 S.W. 2d 571 (Tex. 1999) .................................5
*Melody Home Mfg. Co. v. Barnes*, 741 S.W. 2d 349 (Tex. 1987)....................................5
*Provencher v. Dell, Inc.*, 409 F. Supp. 2d 1196 (C.D. Cal. 2006).....................................5
*TMI, Inc. v. Brooks*, 225 S.W. 3d 783 (Tex. App. 2007) ..............................................4, 7

**Statutes**
C.P.L.R. §3013.....................................................................................................................7
TEX. CIV. PRAC. & REM. CODE ANN. §171.001..........................................................4
V.T.C.A. Civil Practice & Remedies Code § 171.022........................................................4

Plaintiff Bennett Goldberg by and through its undersigned counsel respectfully submits this memorandum of law in opposition to Defendant's motion to compel arbitration.

## I. SUMMARY

Plaintiff has raised the defense of unconscionability in challenging the validity of an arbitration clause in a contract between the parties. Under Texas law the Court, rather than the arbitrator, is obligated to make that determination. Since there is a factual dispute at issue, in order to demonstrate unconscionability, Plaintiff needs to take discovery. Plaintiff therefore respectfully requests that the Court deny Defendant's motion to compel arbitration and allow Plaintiff to take discovery for a later hearing on this issue.

## II. STATEMENT OF RELEVANT FACTS

### a. Contractual History Between The Parties

Plaintiff Bennett Goldberg ("Plaintiff", or "Goldberg") is a traveling salesman, selling telecommunications services to consumers. Affidavit of Bennett Goldberg ("Goldberg Aff") ¶2. Defendant Level Three Communication, LLC ("Level Three", or "Defendant") is a nationwide subsidiary of a publicly traded company which provides telecommunications services to consumers. Defendant is also a successor in interest to Broadwing Telecommunications, Inc. ("Broadwing"). Memorandum of Law By Defendant Level 3 Communications, LLC in Support of its Motion to Compel Arbitration ("Def. Memo"), page 1.

In 2001, Goldberg, then a novice independent contractor to the telecommunications industry, entered into the first of two "Agent Services Agreements" ("2001 Agreement" and "2005 Agreement") with Broadwing.[1] Goldberg Aff., ¶2. The 2001 Agreement contained a provision obligating the parties to arbitrate any claims arising out of the 2001 Agreement in Austin, Texas ("Arbitration Clause"). Cohn Aff., Ex. A, ¶XIII. This provision of the contract was non-negotiable, and was in fact not negotiated by the parties. Goldberg Aff., ¶ 3. On

information and belief the entire telecommunications industry operated on the same basis; if Goldberg was going to work selling telecommunications, he had to accept this provision of the agreement.

The Arbitration Clause requires the parties to arbitrate before a single arbitrator in Austin, Texas. Cohn Aff., Ex. A, ¶XIII. The clause limits the authority of the arbitrator to issue any awards or orders not consistent with the Agreement, and in no event may the arbitrator award punitive or exemplary damages. *Id.*

The 2001 and 2005 Agreements also contain provisions that profoundly limit Broadwing's liability to Goldberg. The "Limitation of Liability" provision ("Limitation Clause") serves to limit Broadwing's liability to Goldberg for any losses that result from its breach of the Agreement. Cohn Aff., Ex. A, ¶XI. The "Indemnifications, Etc." provision ("Indemnification Clause") indemnifies the parties from all liabilities which flow from breach of the Agreement. Cohn Aff., Ex. B, ¶ XII. Neither of these two clauses were negotiable when presented to Goldberg, nor were they negotiated when the Agreements were executed. Goldberg Aff., ¶ 4.

b. **Procedural History**

On August 9, 2007, Goldberg, a resident of New York City, filed a summons and amended complaint in New York Supreme Court alleging, *inter alia*, breach of contract, reformation of contract and promissory estoppel. Cohn Aff., Ex. 1. Defendant, a company whose principal place of business is Colorado, removed to Federal Court on diversity grounds. Cohn Aff., Ex. 2. Defendant now moves to compel arbitration.

---

[1] A copy of the 2001 and 2005 Agreements are attached as Exhibits A and B to Exhibit 1, respectively, to the Affidavit of Adam Cohn ("Cohn Aff.").

2

III. **ARGUMENT**

    a.    **Defendant's Motion to Compel Arbitration Should Be Denied**

        1.    <u>The Court Must Apply State Law To Determine The Validity of An Arbitration Clause</u>

Where there is a challenge to the validity of arbitration provision in a contract, the courts – not the arbitrators – applying state contract principles, determine the validity of that clause. "Where contract formation is at issue in an FAA case, we generally apply state-law principles." *Bar-Ayal v. Time Warner Cable, Inc.*, 2006 WL 2990032 6 (S.D.N.Y. Oct. 16, 2006), quoting *Adams v. Suozzi*, 433 F. 3d 220, 227 (2d Cir. 2005). "Under the FAA, as interpreted by the Supreme Court, the general presumption is that the issue of arbitrability should be resolved by the courts." *Id.* 6, quoting *Alliance Bernstein Inv. Research Mgmt., v. Schaffran*, 445 F.3d 121, 125 (2d Cir. 2006).

        2.    <u>Texas Law Applies</u>

Under the terms of the contracts executed between the parties, the parties agreed that Texas Law would govern both contracts. Cohn Aff, Ex. A, ¶XIII and Ex. B, ¶XII.[2] Neither party disputes the validity of the contracts' choice of legal provisions.

        3.    <u>Under Texas Law The Court Must Determine The Validity of An Arbitration Clause</u>

Contrary to New York law, in Texas, where there is a challenge to the validity of an arbitration clause itself, rather than to the contract as a whole, the court has the duty to determine the clause's validity. *Haynsworth v. Lloyd's of London*, 933 F. Supp. 1315, 1326 (S.D. Tex. 1996). ("Whether there is a valid agreement to arbitrate is separate from whether all or part of the underlying contract was breached. The former is a question for the trial court while the later

---

[2] Ex. B, ¶XIII of the 2001 Agreement reads, in part, "Any controversy or claim arising out of or relating to this Agreement, or a breach of this Agreement, shall be finally settled by binding arbitration in Austin, Texas and shall be resolved under the laws of the State of Texas, without regard to its choice of law principles."

3

is for the arbitrator".) *citing to* TEX. CIV. PRAC. & REM. CODE ANN. §171.001; *Shearson Lehman Bros. Inc. v. Kilgore*, 871 S.W. 2d 925 (Tex. App. 1994).

Defendant, citing to New York law, erroneously asserts, "...the issue of whether the Agreements are unconscionable... is for the arbitrator to determine." *Bar-Ayal v. Time Warner Cable, Inc.*, No. 03 CV 9905 (KMW), 2006 WL 2990032, 6 (S.D.N.Y. Oct. 16, 2006)." (Def. Mem., at 5). This may be true in New York, but not in Texas. *Haynsworth*, 933 F. Supp. 1315.

### 4. Under Texas Law An Arbitration Clause Must Not Be Enforced If Unconscionable

Under Texas law, an agreement to arbitrate is invalid if determined to be unconscionable. V.T.C.A. Civil Practice & Remedies Code §171.022. ("A court may not enforce an agreement to arbitrate if the court finds the agreement was unconscionable at the time the agreement was made."); *TMI, Inc. v. Brooks*, 225 S.W. 3d 783, 792 (Tex. App. 2007)("Unconscionability is a defense to an arbitration agreement").[3]

### 5. Texas Law Standards for Determining Unconscionability

To establish the defense of unconscionability Texas law requires a showing of both procedural and substantive unconscionability. "The test for unconscionability is, 'whether, given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances...'". *TMI, Inc.*, 225 S.W.3d at 792, quoting *In re First Merit Bank, NA* 52 S.W. 3d 749, 757 (Tex. 2001). "Unconscionability includes: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision; and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself". *Id.* at 792, citing *In re Haliburton Co.*, 80 S.W. 3d 566, 571 (Tex. 2002), *cert. denied*, 537 U.S. 1112

---

[3] In accord with the Federal Arbitration Act (the "FAA") any grounds that may exist in law or in equity for revocation of any contract may be invoked as a bar to enforcement of arbitration

4

(2003). "Courts may consider both procedural and substantive unconscionability when evaluating the validity of an arbitration provision". *TMI, Inc.* 225 S.W. 3d at 792, citing to *In re Haliburton Co.* 80 S.W.3d at 572.

Under Texas law, a contract (or clause) of adhesion is procedurally unconscionable when it constitutes a "standardized contract form offered to consumers of goods and services on an essentially 'take it or leave it' basis... limiting the duties and liabilities of the stronger party." *Melody Home Mfg. Co. v. Barnes*, 741 S.W. 2d 349, 355 (Tex. 1987). "A contract is procedurally unconscionable if a party has no real choice but to enter into the contract." *Provencher v. Dell, Inc.*, 409 F. Supp. 2d 1196, 1204 (C.D. Cal. 2006), quoting *Dillee v. Sisters of Charity*, 912 S.W. 2d 307, 309 (Tex. App. 1995).

However, "adhesion contracts are not automatically unconscionable..." but for a showing of unfairness in the results. *In re Oakwood Mobile Homes, Inc.* 987 S.W. 2d 571, 574 (Tex. 1999). Texas courts have adopted the premise that arbitration provisions are not substantively unconscionable where, *inter alia*, the employee did not waive any substantive rights or incur any extraordinary expenses as a result of being forced into arbitration. *In re Halliburton Co.*, 80 S.W.3d at 572.

The party claiming unconscionability has the burden of proof. *Emerald Texas Inc., v. Peel*, 920 S.W. 2d 398, 402 (Tex. App. 1996).

      6.    <u>Plaintiff Has Pled Facts Which Support a Finding Of Unconscionability</u>

Plaintiff has pled that the Arbitration Clauses in both the 2001 and 2005 Agreements were not negotiated aspects of the two agreements, but rather offered to Goldberg on a "take it or leave it" basis. Goldberg Aff., ¶ 3. Plaintiff further asserts - and intends to show via the use of discovery tools – that it was Defendant's policy to require all their salesmen to accept arbitration

---

clause. 9 U.S.C.A. 2. *See also Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273.

provisions in their sales contracts, and that the entire industry of telecommunications distribution and sales operates on similar terms; in effect Goldberg had no choice, if he were to work in his field, but to acquiesce to Defendant's contract of adhesion.

Further, the Arbitration Clause is written in legalese. A non-attorney, unrepresented by counsel, cannot reasonably be expected to understand the full implications of that clause. Such unconscionability is often described as overreaching and describes where, as here, sharp practice drives attorneys to slip causes into contracts to gain unfair advantage over non-attorney parties.

Plaintiff has pled that the Arbitration Clause in the 2001 and 2005 Agreements will result in substantive unconscionability if enforced as written. Cohn Aff., Ex. 1, ¶ 33, 37. These provisions require the parties to arbitrate in Austin, Texas. (*See* fn. 2, *supra*). Neither party has any particular connection to that locale. Forcing Goldberg to arbitrate in Texas will result in considerable additional cost to the Plaintiff. Goldberg Aff., ¶5. These same provisions limit the kind of awards and orders the arbitrator may make or issue, thereby significantly diminishing Goldberg's ability to recover damages.[4] Read in conjunction with the Arbitration Clause, the Limitation Clause[5] and the Indemnification Clause[6] serve to wholly and unilaterally inoculate Defendant from the consequences of its breach of its Agreements. Thus, the net effect of the Arbitration Clause, if enforced as read, is Goldberg has been stripped of substantive rights and

---

[4] "Any award, order or judgment pursuant to such arbitration shall be deemed final and binding and may be enforced in any court of competent jurisdiction. The parties agree that arbitrator shall have no power or authority to make awards or issue orders of any kind except as expressly permitted by this Agreement, and in no event shall the arbitrator have the authority to make any award that provides for punitive or exemplary damages...." Cohn. Aff., Ex. A, ¶XIII.

[5] "Company shall not be liable to Agent in any way for any losses, including but not limited to, loss of commissions or loss of business due to mistakes, omissions, interruptions, delays, errors, defects or otherwise occurring in the course of furnishing services." Cohn Aff., Ex. A, ¶XI.

[6] "Each party shall indemnify and hold harmless the other from all liabilities, claims, demands, costs (including reasonable attorney's fees), judgments, or any cause of action arising out of or in connection with this Agreement caused by a failure of a party to abide by the terms and conditions herein or the negligence or willful misconduct of that party's employees or representatives." Cohn. Aff., Ex. A, ¶XII.

6

remedies he would have under the law. These arbitration provisions are final, thus taking from Goldberg a very substantive right of appeal. (*See*, fn. 4, *supra*).

       7.    <u>The Court Cannot Determine On These Pleadings If Arbitration Clause Is Unconscionable And Therefore Plaintiff Requires Discovery</u>

Since there is a factual dispute between the parties, an evidentiary hearing is required and this motion cannot be decided on the pleadings. "The evidentiary standards for a motion to compel arbitration are the same as for a motion for summary judgment". *TMI, Inc.*, 225 S.W. 3d at 794, citing *In re Jebbia*, 26 S.W. 3d 753, 756-57 (Tex. App. 2000). Defendant has pled, "Goldberg does not offer any legally cognizable grounds to void the parties' unequivocal agreements to arbitrate." Def. Mem., at 4. Additionally, he has pled that, "while Goldberg alleges that the agreements are somehow 'unconscionable', he does not allege any facts concerning the supposed unconscionability of the arbitration clauses themselves." *Id.*, at 5. Since this must be construed as a refutation of the facts surrounding the contract formation process, there is a factual dispute between the parties about the conditions under which the two agreements were created.

The Plaintiff cannot carry its burden of proof absent the use of discovery tools. In his complaint, Goldberg has pled adequately under New York law, which only requires notice pleading, and disfavors fact pleading. C.P.L.R. §3013. However, under Texas law the party claiming unconscionability has the burden of proof. *Emerald Texas*, 920 at 402. The limited tools of discovery available under AAA arbitration rules will prejudice Goldberg's ability to carry his burden of proof.[7] At this stage in the litigation Plaintiff has not had an opportunity to carry its burden of proof.

---

[7] The AAA Commercial Arbitration Rules R-21 (Exchange of Information) read as follows: (a) At the request of any party or at the discretion of the arbitrator, consistent with the expedited nature of arbitration, the arbitrator may direct (i) the production of documents and other information, and (ii) the identification of the witnesses to be called. (b) At least five business days prior to the hearing, the parties shall exchange copies of all exhibits they intend to submit at

7

### 8. If The Court Does Compel Arbitration, Then It Should Be In New York

Plaintiff respectfully requests that, should the Court compel arbitration, it use its equitable powers to send the parties to arbitration in New York. While the Defendant is a nationwide company, it no longer has its headquarters in Austin, Texas. Goldberg has no contact with Texas. Both Plaintiff and Defendant are obviously represented by counsel in New York. Many of Plaintiff's primary witness are former customers here in New York. Compelling arbitration in Texas will serve only to force additional costs upon Plaintiff's attempt to recover the benefit of his bargain. Goldberg Aff., ¶5.

## IV. CONCLUSION

The crux of this motion is the validity of the Arbitration Clause. The Court requires more information to rule judiciously on its validity. Plaintiff requires discovery tools to carry its burden of proof. Therefore, Plaintiff respectfully requests that the Court deny Defendant's motion to compel arbitration.

Dated: New York, New York
       Wednesday, March 05, 2008

                                          Bowles & Cohn LLP
                                          Attorneys for Plaintiffs
                                          One Liberty Plaza, 35th Floor
                                          New York, NY 10006
                                          (646) 257-5001

                                          By: _____
                                               Adam Cohn

---

the hearing. (c) The arbitrator is authorized to resolve any disputes concerning the exchange of information."