KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
James J. Stricker (JS 5337)
Olga Fuentes Skinner (OF 6956)
1633 Broadway
New York, New York 10019-6799
Tel.: (212) 506-1700
Fax: (212) 506-1800
Attorneys for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BENNETT GOLDBERG,                                  :
                                                   :    07 Civ. 7841(RJH)
                                  Plaintiff,       :
                                                   :
v.                                                 :
                                                   :
LEVEL 3 COMMUNICATIONS, LLC,                       :
                                                   :
                                  Defendant.       :
-----------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW BY DEFENDANT LEVEL 3 COMMUNICATIONS,
LLC IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.      The Arbitration Provisions Are Not Unconscionable ........................................................ 1

         A.      The Arbitration Provisions Are Not Procedurally Unconscionable ....................... 2

         B.      The Arbitration Provisions Are Not Substantively Unconscionable ..................... 3

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*In re AdvancePCS Health L.P.*, 172 S.W.3d 603 (Tex.Sup.Ct. 2005) ............................................. 2

*Bailey v. Ameriquest Mortgage*, 346 F.3d 821 (8th Cir. 2003) ....................................................... 2

*Bar-Ayal v. Time Warner Cable, Inc.*, No. 03 CV 9905 (KMW),
  2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006) ............................................................................. 3, 6

*Carbajal v. H&R Block Tax Svcs.*, 373 F.3d 903 (7th Cir. 2004) ..................................................... 6

*In re Haliburton Co.*, 80 S.W.3d 566 (Tex. 2002) .................................................................... 2, 3

*Rush v. Oppenheimer & Co.*, 638 F. Supp. 872 (S.D.N.Y. 1986) ................................................... 5

*Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 498 F. Supp. 2d 699 (S.D.N.Y. 2007) .................... 4

*Shearson Lehman Brothers, Inc. v. Kilgore*, 871 S.W.2d 925 (Tex. App. 1994) ........................... 6

*TMI, Inc. v. Brooks*, 225 S.W.3d 783 (Tex. App. 2007) ......................................................... 3, 4, 5

Defendant Level 3, by and through its undersigned counsel, respectfully submits this reply memorandum of law, in support of its motion to compel arbitration.[1]

## PRELIMINARY STATEMENT

Goldberg requests that this Court defer its decision on Level 3's motion for an unspecified period of time, to allow him to take unspecified discovery, so that he can somehow try to meet his burden of proving his conclusory allegation that the arbitration provisions are "unconscionable" -- which burden he admits he cannot meet at this time.  However, the issues that Goldberg apparently hopes to prove with this unspecified discovery will not in any event support his argument that the arbitration provisions are unconscionable.  To the contrary, the very cases on which Goldberg relies uniformly have rejected all of his arguments of unconscionability, and make clear that the arbitration provisions such as those at issue here must be enforced.  Further delaying this process to allow discovery to be taken for no legitimate purpose is a waste of time for the parties and the Court, and will frustrate the very purpose of arbitration to provide for a speedy and expeditious resolution.  Accordingly, Level 3's motion to compel arbitration should be granted, and Goldberg should be required to arbitrate his claims as he agreed to do.

## ARGUMENT

### I.

### THE ARBITRATION PROVISIONS ARE NOT UNCONSCIONABLE

As Goldberg acknowledges, it is his burden to prove that the arbitration provisions are unconscionable, which requires proof that they are procedurally and substantively unconscionable.  Goldberg cannot meet his burden, with or without discovery.

---

[1] The terms used herein are defined in the Memorandum Of Law By Defendant Level 3 Communications, Llc In Support Of Its Motion To Compel Arbitration ("Open. Mem.")

- 2 -

A.   **The Arbitration Provisions Are Not Procedurally Unconscionable**

Goldberg argues that the arbitration provisions are procedurally unconscionable because (a) the contracts were offered on a "take it or leave it basis," (b) that it supposedly was Level 3's policy to require all contractors to agree to arbitration to resolve their disputes, and (c) they are "written in legalese." (Goldberg Mem. at 5-6.) Goldberg's allegations are entirely insufficient to further delay the arbitration of any dispute he may have. Indeed, if Goldberg's allegations were sufficient to prevent arbitration, the benefits of arbitration would be lost, as every individual that wanted to avoid its agreement with a corporation to arbitrate their disputes could make the same allegations of unconscionability. Notably, Goldberg has not cited a single decision by any Court that has ever determined that these allegations (even if true), would be sufficient to support a finding of procedural unconscionability voiding the arbitration provisions.

Rather, the cases cited by Goldberg make clear that contracts with arbitration provisions offered on a "take it or leave it" basis, are not unconscionable. *See In re Haliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002) (an arbitration clause is not unconscionable merely because it was made on a "take it or leave it" basis); *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex.Sup.Ct. 2005) (same); *see also Bailey v. Ameriquest Mortgage*, 346 F.3d 821, 823 (8th Cir. 2003) (same). The unspecified discovery that Goldberg seeks will not change the law: even assuming that the contract with the arbitration provisions was offered on a "take it or leave it" basis, they are not unconscionable.

Similarly, courts regularly have enforced arbitration provisions where a party requires the arbitration provision as a basis of the contract, including where employers require employees to agree to arbitrate disputes as a condition of employment. *See, e.g., In re Haliburton Co.*, 80

- 2 -

S.W.3d at 572.[2] Moreover, the claim that an entire industry requires arbitration is not a basis for rendering the provision unconscionable. *See Bar-Ayal v. Time Warner Cable, Inc.*, 2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006) (Wood, J.) (rejecting argument that the arbitration provision was procedurally unconscionable where plaintiff supposedly "lacked meaningful choice in his ability to purchase both cable and Internet services" and "there was a 'significant disparity in bargaining power' between him and Defendant").

Finally, while Goldberg claims that the arbitration provisions of the Contracts were "legalese," he does not (because he cannot) identify any aspect of the arbitration provisions that he did not, nor reasonably could not have been expected, to understand. The provisions state

> Any controversy or claim arising out of or relating to this Agreement, or a breach of this Agreement, shall be finally settled by binding arbitration in Austin, Texas and shall be resolved under the laws of the State of Texas. The arbitration shall be conducted before a single arbitrator in accordance with the commercial rules and practices of the American Arbitration Association then in effect.

(*See* Cohn Aff., Exhibit 1, Exhibit B.) If this clear and unambiguous provision is "legalese" that supports a claim of procedural unconscionability, almost every arbitration provision would be subject to challenge. *See TMI, Inc. v. Brooks*, 225 S.W.3d 783, 793 (Tex. App. 2007) (granting mandamus to require arbitration and rejecting plaintiffs' argument that they did not understand that arbitration provision applied to particular claims).[3]

### B.     The Arbitration Provisions Are Not Substantively Unconscionable

Goldberg's only allegations of substantive unconscionability are that the provisions require arbitration in Texas and preclude both parties from receiving punitive or exemplary

---

[2]     Again, no discovery is appropriate, because even if Goldberg was to prove his claim that the arbitration provisions were mandatory both by Level 3 and the telecommunications industry, as a matter of law it will not render the arbitration provisions at issue here unconscionable.

[3]     Even assuming *arguendo* that whether the provision was in "legalese" was relevant, Goldberg does not even attempt to offer any explanation as to how factual discovery could assist in adjudicating the issue.

- 3 -

damages. Neither of these arguments provide a basis for voiding the parties' agreement to arbitrate.

First, Goldberg's argument that the arbitration provision is somehow substantively unconscionable based upon his conclusory assertion that arbitration will somehow cost him $15,000 more than litigating in the courts of New York (Goldberg Aff. ¶ 5), is baseless. It is well-established that arbitration typically is less expensive that litigating in the courts of this country, particularly given that with a court action, appeals are available. *See, e.g., Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 498 F. Supp. 2d 699, 703 (S.D.N.Y. 2007) (Holwell, J) (noting "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation").

Moreover, there is no evidentiary basis for Goldberg's claim that arbitration will somehow cost him an additional $15,000. Goldberg does not identify the supposed "attorneys" who he claims offered this opinion, and Mr. Cohn (Goldberg's counsel in this action) did not include in his affidavit any opinion as to any basis for believing that arbitrating the claims would result in any additional cost. Furthermore, even as to the unidentified "attorneys" who purportedly opined that arbitration would be more expensive than litigation, Goldberg has not offered any basis as to how the additional $15,000 amount was determined. Not only is such hearsay inadmissible under federal law, the Texas state court authority cited by Goldberg makes clear that such conclusory and unsupported claims of additional cost are inadmissible. *TMI*, 225 S.W.3d at 796-797.

Finally, Goldberg does not even attempt to explain how an additional $15,000 in cost, even if there was any basis for it, is so prohibitive in this case in which he seeks hundreds of thousands of dollars in supposed damages and legal fees, that he would be unable to prosecute

- 4 -

his claims. Notably, Goldberg does not even attempt to claim that he is unable to pay the supposed additional costs, and thus his argument of substantive unconscionability is without basis. *TMI*, 225 S.W.3d at 795 (additional costs only renders provision substantively unconscionable if it "effectively precludes a litigant from exercising his statutory right to seek redress").[4]

Second, it is well-established that parties can agree to waive any claim for punitive or exemplary damages.[5] *Rush v. Oppenheimer & Co.*, 638 F. Supp. 872, 875 (S.D.N.Y. 1986) ("fact that Rush will be unable to recover punitive damages in arbitration does not itself render such an agreement unconscionable"). Notably, Goldberg does not cite any authority that has ever held that a knowing waiver of such rights is unconscionable. Accordingly, Goldberg cannot meet his burden of proof, with or without discovery.

---

[4] Again, no discovery is necessary, as Goldberg could have, but chose not to, present admissible evidence of the supposed additional cost, and offered evidence that the additional cost would preclude him from enforcing his rights. He did not do so, most likely because it is not true.

[5] Of course, here Goldberg's claims sound primarily in contract, for which punitive and exemplary damages would not be available in any event.

## Conclusion

Goldberg seeks to further delay this matter and increase the costs by engaging in meaningless discovery before this Court rules on Level 3's motion. Notably, the very cases on which Goldberg relies reject his arguments of unconscionability, and compel arbitration. *See, e.g., Shearson Lehman Brothers, Inc. v. Kilgore*, 871 S.W.2d 925 (Tex. App. 1994) (granting mandamus requiring arbitration); *Bar-Ayal*, 2006 WL 2990032 (compelling arbitration). As the Seventh Circuit Court of Appeals noted:

> The cry of "unconscionable!" just repackages the tired assertion
> that arbitration should be disparaged as second-class adjudication.
> It is precisely to still such cries that the Federal Arbitration Act
> equates arbitration with other contractual terms.

*Carbajal v. H&R Block Tax Svcs.*, 373 F.3d 903, 906 (7th Cir. 2004).

This Court should reject Goldberg's tactics, and grant Level 3's motion compelling arbitration.

Dated: March 12, 2008

Respectfully submitted,

By: _____
James J. Stricker (JS 5337)
Olga L. Fuentes Skinner (OF 6956)
Kasowitz, Benson, Torres
  & Friedman LLP
1633 Broadway
New York, New York 10019-6799
Tel.: (212) 506-1700
Fax: (212) 506-1800
*Attorneys for Defendant
Level 3 Communications, LLC*